IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ronald Colonial Johnson,<br><br>                Plaintiff,<br><br>v.<br><br>Ms. Nikki Haley, *Governor*; Mr. Mark Sanford, *Old Governor*; Mr. Jon Ozmint, *Old Director*; Ms. Brown, *Captain*; Mr. John R. Pate, *Warden*; Ms. Cynthia Sanders, *Wardens Asst.*; Mr. Arthur Jordan, *Assoc Warden*; Mr. McKendley Newton, *Assoc Warden*; Mr. Brunson; Ms. Derrick, *Head Nurse*; Ms. Priester, *Laundry Director*; Ms. Freeman, *Postal Director*; Mr. Dukes, *Food Service Director*; Mr. Beckwith, *Warden*; Mr. Jordan, *Assoc Warden*; Mr. Blanding, *Assoc Warden*; Mr. Boggs, *Major*; Mr. Pugh, *Captain*; Mr. Wackley, *Contraband Sergeant*; and Mr. William Byars, *Director*,<br><br>                Defendants. | Civil Action No.2:12-507-JMC-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

       The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 33.)

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

       The Plaintiff brought this action on or about February 23, 2012. (Dkt. No. 1.) On or about June 11, 2012, Plaintiff filed the instant Motion for Temporary Restraining Order. (Dkt. No. 33.) Defendants filed their Response in Opposition to the motion on August 1, 2012. (Dkt. No. 46.)

In his Motion for a Temporary Restraining Order (Dkt. No. 33), Plaintiff states that on May 21, 2012, when he was "shipped" from Allendale Correctional Institution to Livesay Correctional Institution, Defendants "would not give Plaintiff his 'legal box,' stating that it would follow him on the bus the next day." (Dkt. No. 33 at 1 of 5.) Plaintiff states that he spoke to various individuals at Livesay and was told that the box was still at Allendale but would be shipped to Livesay to Plaintiff on June 4, 2012. (Id.) Plaintiff states, in his motion filed on June 11, 2012, that all of his legal materials pertaining to the instant case are "in this said legal box that Defendants have taken from him." (Id. at 2.) Plaintiff seeks an Order from the Court requiring Defendants to "return to him 'all his legal materials, and legal box' effective immediately so he can meet all deadlines" in the instant case. (Id. at 3.)

In their Response to Plaintiff's motion, Defendants contend the motion is moot. (See Dkt. No. 46.) According to Defendants, the matter has "been resolved as the legal box was transferred by the South Carolina Department of Corrections bus system to Livesay Correctional Institution on June 14, 2012." (Dkt. No. 46 at 1.) Defendants state,

> By way of explanation, the Plaintiff went into protective custody lockup at his request on May 4, 2012. Part of his property was stored while he was housed in lockup in the property control room. Thereafter on May 21, 2012 the inmate was transferred from Allendale Correctional Institution to Livesay Correctional Institution in Spartanburg, South Carolina. Thereafter the property contained in the property control room was inventoried and forwarded to Livesay Correctional Institution on June 14, 2012, the day prior to the filing of Plaintiff's Motion for Temporary Restraining Order.

(Id. at 1-2.)

Plaintiff did not file a Reply.

In light of the foregoing, the undersigned recommends that Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 33) be denied. To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

(4) that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Because Plaintiff's legal box has been returned to him, none of the four factors above counsel in favor of granting Plaintiff's motion. Moreover, since the time Plaintiff's legal box has been returned to him, Plaintiff has been able to fully participate in the litigation of his case. (See, e.g., Dkt. No. 52.) Plaintiff's motion should therefore be denied.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 33) be DENIED.

IT IS SO RECOMMENDED.

                                                        s/Bruce Howe Hendricks
                                                       United States Magistrate Judge

September 10, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).