**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Ronald Colonial Johnson,                                 ) | |
|                                                                           ) | Civil Action No.: 2:12-00507-JMC |
|                           Plaintiff,                       ) | |
|           v.                                                          ) | **ORDER AND OPINION** |
|                                                                           ) | |
| Ms. Nikki Haley, Governor;                           ) | |
| Mark Sanford; Jon Ozmint;                            ) | |
| William Byars; Cynthia Sanders;                  ) | |
| John R. Pate; Arthur Jordan;                         ) | |
| McKendley Newton; Mr. Pugh;                    ) | |
| Ms. Priester; Ms. Derrick; Mr. Dukes;         ) | |
| Ms. Freeman; Mr. Brunson; Ms. Brown;    ) | |
| Mr. Beckwith; Mr. Boggs; Mr. Jordan;        ) | |
| Mr. Blanding; Mr. Wackley,                          ) | |
|                                                                           ) | |
|                           Defendants.                    ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 11] filed on April 9, 2012. Plaintiff Ronald Johnson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate currently housed within the South Carolina Department of Corrections ("SCDC"). Plaintiff brought this action against state officials and numerous SCDC employees at the Allendale Correctional Institution where he was incarcerated alleging various violations of 42 U.S.C. § 1983. The Report recommends that the court dismiss the case without prejudice and without issuance of service of process as to the following Defendants: Mr. Mark Sanford; Mr. Jon Ozmint; Ms. Brown; Mr. McKendley Newton; Mr. Brunson; Ms. Priester; Mr. Dukes; Mr. Beckwith; Mr. Blanding; Mr. Boggs; and Mr. Pugh. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed objections [Dkt. No. 15] to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Plaintiff's objections are generally non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and merely restate his claims. The Report provides a thorough discussion of Plaintiff's section 1983 claims and details, with citations to the relevant law, why his claims against certain Defendants are not cognizable under section 1983. Plaintiff argues that he has established the two essential elements of a 1983 claim as to each Defendant: (1) that a right secured by the Constitution or laws of the United Sates was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, Plaintiff fails to offer any specific objections to the Magistrate Judge's application of this test to each individual Defendant.

Plaintiff also objects to the notion that some Defendants are immune under the Eleventh Amendment from claims for monetary damages in their individual capacity. Plaintiff misreads the Magistrate Judge's Report, which clearly notes that Defendants Mark Sanford and Jon Ozmint, though immune from suit in their official capacity, were not so protected in their individual capacity. The Magistrate Judge found instead that the injunctive relief sought against Sanford and Ozmint was moot because the two Defendants were no longer state officials. Further, the Magistrate Judge clarified that claims for injunctive relief against Defendants Haley and Byers, the successors in office to Defendants Sanford and Ozmint, were not similarly subject to summary judgment on immunity grounds.

Accordingly, this court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 11] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's complaint in this case be dismissed without prejudice as to Defendants Mr. Mark Sanford, Mr. Jon Ozmint, Ms. Brown, Mr. McKendley Newton, Mr. Brunson, Ms. Priester, Mr. Dukes, Mr. Beckwith, Mr. Blanding, Mr. Boggs, and Mr. Pugh.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 4, 2012
Greenville, South Carolina